IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:15-CR-080 |
| Plaintiff, | : | Case No. 2:14-CR-127 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| ROBERT B. LEDBETTER, *et al.* | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter comes before the Court on Defendant Thomas E. Coates's motion to strike the alleged surplusage in Overt Act Twenty-One from the Superseding Indictment. (Doc. 490). Overt Act Twenty-One, which relates to the RICO conspiracy count, alleges as follows:

> On or about April 19, 2006, at the C&S Lounge, in the area of 2753 East Fifth Avenue, Columbus, Ohio, the defendant, **THOMAS E. COATES, aka Tom-C, aka Eag**[,] used a firearm to pistol whip T.G. while yelling out "Short North" and "Fourth Street."

(Doc. 300). Coates argues that the allegations in Overt Act Twenty-One are "inaccurate and highly prejudicial" and should be "struck and/or redacted." (Doc. 490). The Government opposes Coates's motion to strike. (Doc. 516).

A district court may, in its discretion, strike surplusage from an indictment under Federal Rule of Criminal Procedure 7(d). *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). A court should grant a motion to strike surplusage "only where it is clear that the language is irrelevant and prejudicial." *United States v. Neller*, 229 F.3d 1154, 2000 WL 1234330, at *2 (6th Cir. Aug. 25, 2000) (unpublished table decision). Rule 7(d) "makes the striking of surplusage permissive, but not mandatory," and the Rule "has been strictly construed against striking surplusage." *Kemper*, 503 F.3d at 329.

1

The determinative question in a motion to strike is not the potential prejudice the defendant might face but, rather, the relevance of the allegation to the crime charged in the indictment. *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993). Furthermore, whether the allegations in an indictment are "'accurate or truthful' is a matter for the jury to decide." *United States v. Tomero*, 496 F. Supp. 2d 253, 255 (S.D.N.Y. 2007) (brackets omitted). This Court cannot determine, on a motion to strike, "whether the [allegations] in the indictment are true." *Id.* Accordingly, the only question for the Court to decide is whether the allegations in Overt Act Twenty-One are relevant to the charged RICO conspiracy.

In this case, the allegations in Overt Act Twenty-One that Coates contends are surplusage are in fact relevant to the charge he faces. Evidence concerning the existence of the Short North Posse is relevant to the RICO conspiracy count because the Government must prove the existence of, or the contemplated existence of, a RICO enterprise. *See* 18 U.S.C. § 1962(c)-(d). As the Second Circuit observed in *United States v. Scarpa*, "[i]n RICO cases[,] courts have refused to strike allegations of organized crime connections that serve to identify the enterprise and the means by which its members conduct various criminal activities." 913 F.2d 993, 1013 (2d Cir. 1990). Thus, "where the members of the conspiracy themselves used the terms and descriptions [set out in the indictment] to describe the enterprise," those terms are relevant and form an improper basis for a motion to strike. *United States v. Robinson*, No. S1-4:11CR246 CDP, 2012 WL 4856958, at *4 (E.D. Mo. Sept. 26, 2012) (Report and Recommendation), *adopted by* 2012 WL 4855206 (E.D. Mo. Oct. 12, 2012); *accord United States v. Ligambi*, 890 F. Supp. 2d 564, 571 (E.D. Pa. Sept. 4, 2012) (finding that inclusion of the term "North Jersey Crew of the Philadelphia LCN Family" was neither "irrelevant nor prejudicial" because it was probative "of the association of Defendants Licata and Fazzini with the RICO enterprise").

Here, the Superseding Indictment alleged that "members of the [RICO] enterprise referred to themselves . . . as the 'Short North Posse' or 'SNP.'" (Doc. 300, ¶ 9). The Superseding Indictment also alleged that the Short North Posse "maintained and controlled" a territory that "generally included the area bordered by Fifth Avenue (south), Chittenden Avenue (north), Grant Street (east) and High Street (west)." (*Id.*) The Court takes judicial notice of the fact that Fourth Street constitutes a North-South arterial roadway within the City of Columbus, Ohio, that runs parallel to Grant Street and High Street and bisects Fifth Avenue and Chittenden Avenue, thus forming a central corridor within the alleged "territory" of the Short North Posse. As such, Coates's alleged outburst of "Short North" and "Fourth Street" could well serve as self-identification of the alleged RICO enterprise and/or its alleged territory. This evidence is "relevant to proving up an enterprise and to proving up an agreement on the RICO charges in Count[] One." *See United States v. Landry*, No. C 13-00466 1, 2 JSW, 2015 WL 602356, at *2 (N.D. Cal. Feb. 11, 2015) (denying motion to strike); *United States v. Urso*, 369 F. Supp. 2d 254, 270 (E.D.N.Y. 2005) (denying motion to strike reference to crime family that "serve[d] to identify the enterprise and the means by which its members and associates conduct[ed] various criminal activities"); *United States v. Elson*, 968 F. Supp. 900, 909 (S.D.N.Y. 1997) (same).

Similarly, the Superseding Indictment alleged that the Short North Posse "controlled the neighborhood through intimidation, fear[,] and violence," including projecting a violent attitude and discouraging interlopers by means of physical assaults, threats with firearms, and shootings. (Doc. 300, ¶¶ 10-11). An alleged pistol whipping, of course, is relevant to proving these means and methods of the RICO enterprise and to Coates's purported involvement in the conspiracy. *See United States v. Hobbs*, No. 10-620-02, 2012 WL 2873513, at *3 (E.D. Pa. July 13, 2012) (denying motion to strike the term "pistol-whipped" in RICO conspiracy case).

Because the challenged statements are relevant to the RICO conspiracy count, the Court denies Coates's motion to strike references to "Short North," "Fourth Street," or the "pistol whip" contained in Overt Act Twenty-One.  Moreover, although not necessary to this finding, the Court also concludes that the challenged statements are not prejudicial, further undercutting Coates's motion to strike.

Although relevant information may not be legitimately stricken from an indictment, regardless of its prejudicial impact—that does not necessarily mean that every fact alleged in the Superseding Indictment necessarily will become part of the trial record.  *United States v. Hickey*, 16 F. Supp. 2d 223, 236 n.7 (E.D.N.Y. 1998).  At trial, the Court must balance relevancy under Federal Rule of Evidence 401 with unfair prejudice and other countervailing considerations under Rule 403.  *Id.*  Accordingly, Coates may raise an evidentiary objection at trial notwithstanding this Order or the fact that the Superseding Indictment "will stand, as returned by the grand jury."  *Id.*; *see also, e.g.*, *United States v. Booth*, No. 99 CR. 378 LBS, 1999 WL 1192317, at *11 (S.D.N.Y. Dec. 14, 1999) (denying motion to strike surplusage "without prejudice" so as to preserve the issue for evidentiary objections at trial).

For these reasons, Coates's motion to strike (Doc. 490) is **DENIED**.

**IT IS SO ORDERED.**

                                               *s/ Algenon L. Marbley*
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED:  August 26, 2015**